HENRY P. KIDDER & ALS. v. HENRY A. TUFTS.

Where both parties are citizens of the State of Massachusetts, and the defendant has property in this State, upon which the plaintiff had obtained a lien by attachment, and upon claims admitted to be due and just, the defendant making no defence thereto, and submitting to the jurisdiction of the court here, and subsequently making a general assignment of his estate under the insolvent laws of Massachusetts, (the assignee, also, making no claim upon the property here), this court, under these circumstances, will not permit the subsequent attaching creditors of the defendant to postpone the plaintiffs in their rights acquired by priority of attachment, by allowing them to appear for the purpose of obtaining a delay of plaintiffs' suit here, until the defendant shall procure his discharge in the insolvent court, so that it may be used in bar of plaintiffs' action.

ASSUMPSIT for money lent. The parties are residents of Massachusetts and were so when plaintiffs' cause of action accrued, which is for

money loaned by plaintiffs to defendant, no place of payment being fixed by the parties, and the contract being made in Massachusetts.

Upon plaintiffs' writ, personal property of defendant in this State was attached April 3, 1866; writ dated April 2, 1866.

At the October term, 1866, the Cheshire National Bank, a corporation located at Keene, N. H., and Daniel B. Pond, a citizen of Rhode Island, had leave to appear as subsequent attaching creditors. Insolvency proceedings against the defendant are now pending in Massachusetts, which were commenced on the twelfth day of April, 1866.

At this term the bank moved for a continuance, to await the proceedings in insolvency, for the purpose of pleading defendant's discharge therein in bar of this action. Neither plaintiffs nor the bank have presented their claims in the insolvency proceedings.

The court reserved the question whether, as matter of right or of discretion, a continuance should be granted; and by agreement of parties if the court are of opinion that a continuance ought not to be granted, judgment is to be rendered for plaintiffs as of this term, saving their rights acquired by their attachment; or the case to be continued, the plea of defendant's discharge to be rejected, as plaintiffs may elect; damages to be assessed by the clerk.

Ordered that the case be reserved.

*E. L. Cushing,* for subsequent attaching creditors.

The question here is, whether the court ought so to exercise its discretion as to favor the subsequent attaching creditors and enable them, under certain circumstances, to defeat the plaintiffs' writ. It has long been the well established law in the courts of the United States that the citizen of one State, claiming by the attachment laws of that State, would be preferred to creditors claiming under a foreign bankrupt law. 3 Kent, 405. In note to page 408, it is said that "the doctrine rests on the same footing between one State and another." By this law if the question were between the assignee in insolvency in Massachusetts and citizens of New Hampshire attaching the property here, the preference would be given to the citizen of New Hampshire. In case of *De Visme* v. *Martin,* Wythe 133, (cited in United States Equity Digest, vol. 1, p. 126) it was held that, where the question arose between an assignee in bankruptcy under the laws of a foreign State and a citizen of the same State, the rights of the assignee according to the laws of that State, would be preferred to those of the creditor citizen of the same State.

It seems that, by the authorities, the citizen creditor is preferred to the foreign assignee, and the foreign assignee to the creditor citizen of the same State with the assignee; *a fortiori* the New Hampshire creditor should be preferred to the creditor of the State where the insolvency or bankruptcy proceedings are.

The same equities which prevail in the case of a New Hampshire creditor against a Massachusetts creditor would operate in favor of the Rhode Island creditor. It is right that a creditor living under the same

jurisdiction with the insolvent and where the insolvency proceedings are, should be bound by the laws of his own government with reference to which he has made his contracts and that those who are not subject to such laws and have not contracted with reference to them should not be bound by them.

*Wheeler & Faulkner*, for plaintiffs.

The motion for a continuance should have been denied. The plaintiffs, admitting that if the court, in the exercise of its discretion, had granted the motion, no exception could be sustained, deny that to have done so would have been a sound exercise of such discretion.

1. The statement of facts upon which the motion is based not only fails to show "probable ground of defence," but clearly shows that no defence now exists. Rules of Court No. 28. If these facts had been presented in the form of a plea, the plea must have been held bad upon demurrer.

2. "Good cause" for a continuance is not shown. Rule 30. The plaintiffs are citizens of Massachusetts, but they are not here asking this court to enforce the laws of that State. Submitting themselves to the jurisdiction of our courts, and pursuing the remedies pointed out by our laws, and provided for citizens of our own and other States indifferently, they are met, not by their debtor asking that they may be confined to the remedies provided by their own State, so that his property may be distributed equally among his creditors, but by other creditors who ask that they may be prevented from pursuing the remedies afforded by our laws until, by the operation of the laws of another State, their claim may be barred, and the latter, although last in the race of diligence, may be permitted to take the property to the exclusion of all other creditors.

Neither the laws of Massachusetts for securing debts by attachments, nor its insolvent laws recognize any preference in favor of citizens of that State over citizens of other States. There is no reason, therefore, for making an exception in this case to the ordinary rule, or for denying to citizens of that State any of the rights or privileges, conceded to our own. The plaintiffs' attachment was made prior to the appointment of an assignee; they thereby secured a title to the property superior to that of the assignee, and are not under the necessity of asking the court to give a preference to the laws of this State over those of Massachusetts.

3. If the decision of this question could be affected by the fact that the contesting parties were, on the one side, citizens of Massachusetts, and on the other, citizens of this State, such is not the fact in this case. Daniel B. Pond is a citizen of Rhode Island, and the Cheshire National Bank is not a corporation created by, or owing its existence to, the laws of this State. It is in fact a foreign corporation. No reason for preference can, therefore, be properly claimed by the subsequent attaching creditors.

The case made by the subsequent attaching creditors may be briefly

stated thus : Admitting that they have neither matter of law nor of fact which they can now allege as a defence, they ask that the case may be continued so that a defence may be created. They allege a state of facts to exist from which, not certainly nor even probably, but possibly, a defence will result. The nearest approach to a parallel case, which suggests itself, would be that where a subsequent attaching creditor should apply for a continuance of the suit of the prior attaching creditor, upon the ground that, if the case were continued long enough, the defendant would probably die, his estate be administered in the insolvent course, the attachment dissolved, and his property distributed *pro rata* among his creditors.

An application by the defendant himself for a continuance upon the grounds stated in this case would be summarily rejected by the court, and the application of his creditors admitted to defend must be determined by the same rules. *Carlton* v. *Patterson*, 29 N. H. 586.

NESMITH, J. The Cheshire National Bank in Keene, and Pond a citizen resident in Rhode Island, as creditors of the defendant, having made their attachment, subsequently, in point of time, to the plaintiffs, of certain personal property, situate in this county, now request this court to continue plaintiffs' suit, to enable the defendant to procure his discharge in insolvency in Massachusetts, so that it may be interposed here as a plea for their benefit, in bar of plaintiffs' action. This question is addressed to the discretion of the court and admitted to be not of right, and, as a question of practice, must be acknowledged to be novel in its character. There is no present defence suggested as the ground for the interference of this court, and the case does not fall within the ordinary principles of other cases in which subsequent attaching creditors have been allowed to interfere and defend.

The practice is to allow subsequent attaching creditors to appear and defend when it is alleged that the claim in the first suit is without foundation, or collusive, or invalid, and that there is reason to apprehend that the effect of allowing the plaintiff to recover in his suit would be to divert the debtor's property from his honest creditors, but not on purely technical grounds. *Reynolds* v. *Daniell*, 19 N. H. 397 ; *Pike* v. *Pike*, 24 N. H. 385 ; *Buckman* v. *Buckman*, 4 N. H. 319.

We are not aware that the discretion of the court has been exercised where there was no present defence to the prior action. But the case shows here that the plaintiffs who have the leading attachment are endeavoring to collect an honest claim, and there is no suggestion of collusion or fraud between them and the defendant. The creditors say here that the plaintiffs should be confined to the remedies that other citizens of Massachusetts may have to the defendant's estate ; that plaintiffs should release their lien acquired by superior diligence here because their contract was made with the defendant in Massachusetts with the knowledge of the existence of the insolvent laws there ; and that for said reasons the plaintiffs should take their chance for a dividend at home and relax their hold here. But it is a well settled rule in this country, applicable to preferences in the cases of insolvent estates, that the *lex*

*loci rei sitæ* prevails over the law of the d̈omicil.  The laws of other governments have no force beyond their territorial limits.  Such is settled to be the general or prevailing rule in this country.  2 Kent Com. 406; *Newmarket* v. *Butler*, 45 N. H. 238; *Gallaudet* v. *Howel*, 6 Law Reporter, 524.  Judge Story says that no one can seriously doubt that it is competent for any State to adopt its own rules in relation to the property, both personal and real, within its jurisdiction, since the State has perfect jurisdiction over all property, personal as well as real, within its own territorial limits; nor can such a rule, made for the benefit of innocent purchasers and creditors, be deemed justly open to the reproach of being founded in a narrow or selfish policy.  Story's Conflict of Laws, section 390.

What is injurious to the rights of the citizen where the property is situate, should be the subject of positive legislation, and not left to the discretion of the courts.  *Lipsey* v. *Thompson*, 1 Gray, 243; *Leroy* v. *Crowninshield*, 2 Mason, 157; *Fox* v. *Adams*, 5 Greenleaf Rep. 245.  Hence, in our State, under our express statute law, all real and personal property within the State is held to be bound by the attachment laws of the State.  2 Kent Com. 407.

The property of the defendant being found within our jurisdiction, was subject to attachment by any of his creditors, whether resident here or elsewhere in any other State, and so soon as the attachment is made thereon, a valid lien is created in behalf of such attaching creditor.  Such has been the interpretation of our laws and the practice under them for a long series of years.  *Kittredge* v. *Warren*, 15 N. H.

It is understood here that the assignment made under the insolvency laws of Massachusetts, being made by the debtor subsequently to the attachment, would have no effect upon the lien acquired under the laws of New Hampshire.  If it operated to transfer the property of the insolvent debtor, according to the doctrine of *Hoag* v. *Hunt*, 29 N. H. 106, and *Smith* v. *Brown*, 43 N. H. 44, it would only transfer the debtor's interest subject to this and other existing liens.  Any other construction would allow the insolvent laws of Massachusetts to dissolve a lien created by our own statute law, and would give a force and efficacy to the Massachusetts statute law superior to our own.  Such a position cannot be entertained under our views of comity.

We understand that one rule recognized in this State, as laid down in *Smith* v. *Brown*, coincides with the decisions in Massachusetts, where it is said that an assignment by an insolvent debtor in another State, valid by the laws of that State, is valid here, so far as to protect personal property situated here at the time of making it, against an attachment made by a citizen of the same State where the assignment was made.  *Whipple* v. *Thayer*, 16 Pick. 25; *Daniels* v. *Willard*, 16 Pick. 36; *Burlock* v. *Taylor*, 16 Pick. 335.

In the two first cases cited from Pickering's Reports, it will be found that the subsequent assignments made by the insolvent debtor were not set up against the previous attaching creditors.  It is enough for us to say here in this case, that we cannot discriminate in favor of the subsequent attaching creditors.  The plaintiffs have availed themselves of their

strict legal rights, as established and allowed by our statute law and a practice which has existed for at least a century. For the purpose of making an attachment upon property of the defendant here, the plaintiffs may properly be considered subjects of our State government so long as they submit to our jurisdiction and claim the protection of our laws; and we do no more in allowing them the advantages of their superior diligence than to admit them to the full enjoyment of that privilege so clearly expressed in the constitution of the United States, "that the citizens of each State shall be entitled to all the privileges and immunities of citizens in the several States." At present, the right of the plaintiffs is a mere inchoate right. The plaintiffs have acquired a lien, and we consider ourselves bound to give them liberty to perfect it by a sale of the property attached sufficient to satisfy their claim. If the subsequent attaching creditors have a remedy, and can in any way prevent the plaintiffs from obtaining a preference, their appeal should be made, as creditors of the defendant, to the Massachusetts courts, which may exercise their jurisdiction over their own citizens, if they have violated any of their laws by their experiment here. *Smith* v. *Hill*, 8 Gray, 574; *Dehon & al.* v. *Foster & al.*, 4 Allen, 550.

There are other difficulties involved in plaintiffs' request. If we grant the continuance here of the plaintiffs' suit, have we any assurance that the insolvent debtor can procure his discharge in Massachusetts? Is it a matter of right for the subsequent attaching creditors to avail themselves of such discharge, and use it against these plaintiffs. We think it is asking too much of the court here to leave the beaten track of the law for the devious and uncertain path recommended by the petitioners. Our decision, therefore, is, that the application for a continuance be denied, and that a judgment be rendered in this case for the plaintiffs, as of the last trial term.